FILED
CLERK
9/15/2016 3:01 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TRUSTEES OF THE UNITED PLANT AND PRODUCTION WORKERS LOCAL 175 BENEFIT FUNDS,

Plaintiff,

-against-

**ORDER**
15-CV-1223 (SJF)(SIL)

AMERICAN PAVING & MASONRY CORP. and ANGELO STANCO,

Defendants.
---------------------------------------------------------------X
FEUERSTEIN, District Judge:

Pending before the Court is the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated July 12, 2016 ("the Report"), (1) recommending that the motion of plaintiff Trustees of the United Plant and Production Workers Local 175 Benefit Fund ("plaintiff") seeking partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure that, as a matter of law, it is entitled to delinquent fringe benefit contributions under the collective bargaining agreement, as well as liquidated damages, interest, costs, audit fees and attorneys' fees under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, be denied; and (2) advising the parties, *inter alia*, (a) that "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court within fourteen (14) days of receipt of th[e] [R]eport[,]" (Report at 17), and (b) that a "[f]ailure to file objections within the specified time waives the right to appeal the District Court's Order." (*Id.*) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at * 2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the Report was served upon counsel for all parties via ECF on July 12, 2016, (*See* Docket Entry ["DE"] 23), but no party has filed any objections to

the Report, nor sought an extension of time to do so. For the reasons stated herein, Magistrate Judge Locke's Report is accepted in its entirety.

# I. DISCUSSION

## A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Secretary of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000);

*accord King*, 419 F. App'x at 27.

B Review of Report

Since no party has filed any objections to Magistrate Judge Locke's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied with leave to renew following an evidentiary hearing before Magistrate Judge Locke on the issue of fraud in the execution, and specifically whether defendant Angelo Stanco had a reasonable opportunity to read the Assumption Agreement prior to execution.

## II. CONCLUSION

For the reasons set forth herein, Magistrate Judge Locke's Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied with leave to renew following an evidentiary hearing before Magistrate Judge Locke on the issue of fraud in the execution, and specifically whether defendant Angelo Stanco had a reasonable opportunity to read the Assumption Agreement prior to execution.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 15, 2016
Central Islip, New York